| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>charlesverhoeven@quinnemanuel.com<br>David Eiseman (Bar No. 114758)<br>davideiseman@quinnemanuel.com<br>Sam Stake (Bar No. 257916)<br>samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone:   (415) 875-6600<br>Facsimile:    (415) 875-6700<br><br>Lance Yang (Bar No. 260705)<br>lanceyang@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone:   (213) 443 3000<br>Facsimile:    (213) 443 3100<br><br>Attorneys for Plaintiff KEYSSA, INC. | KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest- #84065<br>rvannest@keker.com<br>Leo L. Lam - #181861<br>llam@keker.com<br>Daniel Purcell - #191424<br>dpurcell@keker.com<br>Matthew M. Werdegar - #200470<br>mwerdegar@keker.com<br>Michael S. Kwun - #198945<br>mkwun@keker.com<br>Ryan K. Wong - #267189<br>rwong@keker.com<br>Jesselyn K. Friley - #319198<br>jfriley@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:    415 397 7188<br><br>Attorneys for Defendant<br>ESSENTIAL PRODUCTS, INC. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| KEYSSA, INC.,<br><br>            Plaintiff,<br><br>      vs.<br><br>ESSENTIAL PRODUCTS, INC.,<br><br>            Defendant. | CASE NO. 4:17-cv-05908-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   March 1, 2018<br>Time:   2:00 p.m.<br>Dept:    Courtroom 2, 4th Floor<br>Judge:  Hon. Haywood S. Gilliam Jr. |

The parties to the above-titled action, Plaintiff Keyssa, Inc. ("Keyssa") and Defendant Essential Products, Inc. ("Essential"), submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the Order Reassigning Case of December 4, 2017 (Dkt. No. 24), and the Order Granting Defendant's Administrative Motion to Continue Case Management Conference (Dkt. No. 32).

**1.      Jurisdiction and Service**

This Court has subject matter jurisdiction over Keyssa's federal trade secrets claim pursuant to 18 U.S.C. § 1836 and 28 U.S.C. § 1331.  The Court has supplemental jurisdiction over Keyssa's state law claims pursuant to 28 U.S.C. § 1367.  Essential has been served, and there have been no objections to personal jurisdiction or venue.

**2.      Facts[1]**

Keyssa filed its complaint on October 16, 2017 (Dkt. No. 1).  Keyssa alleges three claims for relief:  (1) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.; (2) violation of the California Trade Secrets Act, Cal. Civ. Code § 3426 et seq.; and (3) breach of contract.

**Keyssa's Statement:**

Keyssa has invested many tens of millions of dollars and tens of thousands of engineering hours developing revolutionary trade secrets supporting Extremely High Frequency ("EHF") wireless connectivity.  (Compl. ¶¶ 1, 15.)  These technologies support a new class of close-range, point-to-point connectors enabling manufacturers to create new device designs and functionality not possible with metal wire connectors or shared networks such as WiFi.  (Id.)

In February 2016, Essential began a multi-month evaluation of Keyssa's wireless connectivity technology for use in a new accessory connector that Essential was developing for its Essential Phone and Essential 360 Camera products (the "Essential Products").  (Id. ¶ 21-29.) This evaluation included assisting Essential with the use and incorporation of Keyssa's secret, proprietary wireless connector technology into the Essential Products to enable high-speed data

---

[1] The parties direct the Court to Keyssa's Complaint (Dkt. No. 1) and the parties' respective filings in support of and in opposition to Essential's pending Motion to Dismiss (Dkt Nos. 20, 28, 33) for a more detailed discussion of the case's factual background.

transfer between the Essential Phone and connected accessories. (*Id.* ¶¶ 4, 16, 21-29.)  As part of the evaluation process, Essential and Keyssa entered into a non-disclosure agreement ("NDA") that, among other things, addressed the treatment of "Proprietary Information" exchanged by and between both parties as part of the evaluation, including limits on the use and disclosure of such Proprietary Information by the receiving party.  (*Id.* ¶¶ 16-20.)

Essential and Keyssa's cooperation ended in November 2016 when Essential informed Keyssa that it had allegedly chosen not to move forward with Keyssa's wireless accessory connector solution but rather to use SiBEAM's Snap chips.  (*Id.* ¶ 30.)  On or about September 1, 2017, Essential released the Essential Products, which reflect and incorporate Keyssa's trade secrets supporting EHF wireless connectivity.  (*Id.* ¶¶ 32-38, 39-57.)  In addition, Essential's offer for sale and sale of the Essential Phone and Essential 360 Camera, communications of Keyssa's Proprietary Information to third parties, and failure to return Keyssa's Proprietary Information, among other actions, breached the parties' NDA.  (*Id.* ¶¶ 32, 58-67.)

Essential willfully and maliciously misappropriated Keyssa's trade secrets.  (*Id.* ¶¶ 45, 53, 55.)  Essential's misappropriation of Keyssa's trade secrets is ongoing, causing Keyssa irreparable harm.  Keyssa has no adequate remedy at law.  (*Id.* ¶¶ 47, 56.)  Keyssa has suffered actual damages as a direct and proximate result of Essential's trade secret misappropriation.  (*Id.* ¶¶ 48, 57.)  Keyssa has also suffered actual damages as a result of the breach of the parties' NDA.  (*Id.* ¶ 67.)

**Essential's Statement:**

Essential is the creator of Essential Phone and Essential 360 Camera, the first two releases in a family of consumer electronics featuring Essential's solution for enabling wireless connection of accessories.  This lawsuit stems from Essential's decision to use SiBEAM's "Snap" wireless-connectivity chipset over Keyssa's technology as a component of Essential's wireless accessory bus.  Keyssa admits there were other players in the field of close-proximity high-speed wireless connectivity at the time that Essential was developing its phone.  One of these competitors, SiBEAM, offered "Snap" technology that could be used to create a wireless-accessory connector for devices like mobile phones.  A fundamental difference between the two technologies is that

Keyssa's system requires two chips and two antennae, while SiBEAM's uses only one of each.

In February 2016, Essential began evaluating Keyssa's wireless connectivity technology for use in a new wireless-accessory connector that Essential was developing for its Essential Phone and Essential 360 Camera products. As part of the evaluation process, Essential and Keyssa entered into a non-disclosure agreement ("NDA") that, among other things, addressed the treatment of "Proprietary Information" exchanged by and between **both** Parties, including how such information must be identified as "confidential or proprietary" by the disclosing party, and limits on the use and disclosure of such Proprietary Information by the receiving party. Essential's evaluation of Keyssa's wireless technology ended in November 2016 after Essential determined that Keyssa's solution was not market-ready and failed to meet Essential's technical requirements. At that time, Essential informed Keyssa that, based on its performance assessment of Keyssa's technology compared to SiBEAM's, it had chosen to use SiBEAM's Snap chip over Keyssa's offering. Among other reasons, Keyssa's technology supported only USB 3.0, while Essential's technology also supported low-speed USB and thus was better suited as a universal connector. SiBEAM's one-chip system proved to be easier to implement and less vulnerable to interference than Keyssa's two-chip system.

Essential's decision to use SiBEAM's technology was not prohibited by the Parties' NDA or by any other agreement. SiBEAM's competing technology and Snap chips do not use any of Keyssa's proprietary technology. Essential's products rely on SiBEAM technology and do not use any Keyssa technology.

**3.     Disputed Issues**

The principal disputed issues are as follows:

- Whether Essential is liable for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 et seq.

- Whether Essential is liable for violation of the California Trade Secrets Act, Cal. Civ. Code § 3426 et seq.

- Whether Essential is liable for breach of contract under California law for violating its non-disclosure agreement with Keyssa.

- Whether Keyssa's Complaint states any claim upon which relief may be granted;
- Whether Keyssa has protectable trade secrets;
- Whether either party breached the parties' NDA;
- The appropriate measure of damages, if any, for any alleged trade-secret misappropriation and/or breach of contract;
- Whether any of Keyssa's claims (or all of them) are barred or limited by affirmative defenses, in law or equity.

The parties reserve the right to raise additional disputed issues that may arise through the course of this case.

**4.     Motions and/or Pending Matters**

(a)     Pending Motions

There is one pending motion.  On November 9, 2017, Essential moved to dismiss Keyssa's claims for (1) trade-secret misappropriation under the DTSA, 18 U.S.C. § 1836 et seq. (First Claim for Relief), (2) trade-secret misappropriation under the CUTSA, Cal. Civ. Code § 3426 et seq. (Second Claim for Relief), and (3) breach of contract (Third Claim for Relief) for failure to state a claim for relief.  On December 15, Keyssa filed its opposition to Essential's motion, and Essential filed its reply brief on January 19.  A hearing on this motion is currently scheduled for March 1, 2018.

(b)     Anticipated Motions

Keyssa and Essential anticipate filing, if necessary, discovery motions, motions for summary judgment, and other pre-trial motions (*e.g.*, *Daubert* motions and motions in limine).

**5.     Amendment of Pleadings**

The parties agree that they may still amend the pleadings upon a motion showing good cause for any such amendment after the deadline to amend.  The parties' proposed deadline to amend the pleadings is set forth in the enclosed proposed schedule.

<u>Keyssa's Statement</u>

Keyssa has no plans to amend the Complaint at this time, but may seek to amend the Complaint as appropriate based on further discovery and/or the Court's resolution of Essential's pending Motion to Dismiss.

<u>Essential's Statement</u>

In the event that Keyssa's currently pending claims are not dismissed, or that Keyssa is given leave to re-plead its claims, Essential may elect to file one or more counterclaims against Keyssa along with its Answer in this case.

**6.     Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation.  Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. Keyssa has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as pertinent to this case.  Essential has implemented a similar litigation hold.

**7.     Initial Disclosures**

The parties shall make their initial disclosures under Fed. R. Civ. P. 26(a)(1) by the deadline set forth in the enclosed proposed schedule (*see* **Appendix A**).

**8.     Discovery**

(a)     <u>Discovery Taken to Date</u>:  None.

(b)     <u>Anticipated Discovery:</u>

**Keyssa.**  Keyssa anticipates discovery into issues relating to (i) Essential's alleged misappropriation of Keyssa's trade secrets; (ii) Essential's alleged breach of the non-disclosure agreement by its use of Keyssa's confidential information and trade secrets in the design and manufacture of the Essential Products; (iii) Essential's alleged breach of the non-disclosure agreement by its failure to return Keyssa's confidential information and trade secrets; (iv) Essential's alleged breach of the non-disclosure agreement by its disclosure

of Keyssa's confidential information and trade secrets in the manufacture and sale of the Essential Products; (v) Essential's alleged breach of the non-disclosure agreement by its failure to notify Keyssa of the disclosure of Keyssa's confidential information and trade secrets; (vi) Essential's alleged willful and malicious trade secret misappropriation; and (vii) damages and remedies.

**Essential.**  Essential anticipates discovery into issues relating to: (i) the development, operation, structure, function, and characteristics of Essential's products independent of any use of any Keyssa technology; (ii) the independent development, operation, structure, function, and characteristics of SiBEAM's wireless connector technology; (iii) the public or otherwise non-confidential nature of Keyssa's alleged trade secrets; (iv) prior art relevant to wireless connector technology; (v) the lack of viability of Keyssa's wireless connector at the time of Essential's decision to use SiBEAM as its supplier; the lack of value of Keyssa's alleged trade secrets, and Keyssa's alleged damages; (vi) Essential's defenses to Keyssa's trade-secret-misappropriation and breach-of-contract allegations; and (vii) Essential's potential counterclaims against Keyssa.

(c) Modifications to Discovery Rules:  The parties agree that fact and expert discovery shall be subject to the limitations set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  If a party requests discovery that exceeds any of these limitations, the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court.  If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery based upon a showing of good cause.

(d) Protective Order:  Keyssa will provide a draft protective order to Essential prior to the case management conference, and the parties will then work to

reach agreement promptly on a proposed protective order to be submitted to the Court for its consideration.

(e) <u>Stipulated ESI Order:</u>  Keyssa will provide a draft proposed ESI order to Essential prior to the case management conference, and the parties will then work to reach agreement promptly on a proposed ESI order to be submitted to the Court for its consideration.

(f) <u>Proposed Discovery Plan:</u>

**Keyssa.**  Keyssa's position is that no modifications need to be made to any discovery rules, and its proposed schedule will lead to the speedy and just resolution of this case.

**Essential.**  Essential's position is that, consistent with applicable law, discovery from Essential should not commence regarding Keyssa's trade-secret misappropriation and related claims until Keyssa provides a particular disclosure of the alleged Keyssa trade secrets at issue in this case under California Code of Civil Procedure § 2019.210.

(g) <u>Service:</u>  The parties agree that service via email constitutes personal service pursuant to Rule 5(b)(2)(E).  Documents served on a party shall be emailed to all attorneys of record for that party.  Exhibits or other documents too voluminous to be sent practicably by email may be served electronically via secure FTP or comparable electronic file transfer service, but if the necessary instructions credentials for electronic transfer are not sent by 11:59 P.M. Pacific Time, then service shall be deemed to have occurred on the following day.

9. **Class Actions**

Not applicable.

10. **Related Pending Cases**

Not applicable.

**11.     Relief**

Keyssa seeks the following relief: (a) a judgment that Essential is liable on all claims for relief; (b) damages for Essential's trade secret misappropriation and breaches of contract in an amount to be proved at trial; (c) exemplary and punitive damages; (d) attorneys' fees, costs, and expenses incurred by Keyssa; (e) pre-judgment and post-judgment interest; (f) preliminary and permanent injunctive relief relating to Keyssa's trade secret misappropriation claims; and (g) such other and further relief as the Court may deem to be just and proper.

In the event that Essential files counterclaims against Keyssa, Essential will seek damages and/or equitable relief as appropriate.

**12.     Settlement and ADR**

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure.  (Dkt. 31.)  The parties also met and conferred to select one of the available ADR processes for this case, and have agreed to private mediation, with a provider to be agreed upon by both parties.  The parties will provide the Court with a status update regarding mediation on June 26, 2018.  (*Id.*)

**13.     Consent to Magistrate Judge**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.     Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

<u>Keyssa's Statement:</u>

Discovery is just beginning, but subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

<u>Essential's Statement:</u>

As discussed above, Keyssa has not yet served a trade secret disclosure, as required under

California Code of Civil Procedure § 2019.210.  Thus far, Keyssa has identified only broad categories of well-known industry concepts without providing adequate specificity regarding any alleged trade secrets Keyssa might possess within those categories.  When Keyssa serves its disclosure of its alleged trade secrets, that may have the effect of narrowing the issues in dispute on Keyssa's trade-secret claims.  Essential reserves the right to seek to narrow the issues by agreement or motion at a later time.

### 16. Expedited Trial Procedure

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

### 17. Scheduling

The parties' scheduling proposal is set forth in the chart attached hereto as Appendix A.

### 18. Trial

The parties have requested trial by jury and expect that the trial will require approximately five court days.

### 19. Disclosure of Non-Party Interested Entities or Persons

The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-16.  Dkt. No. 3 (Keyssa's certification); Dkt. No. 13 (Essential's certification).

### 20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 21. Other Matters

Not applicable.

| | |
|---|---|
| DATED: February 22, 2018 | Respectfully submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: /s/ David Eiseman |
| | David Eiseman |
| | Charlie K. Verhoeven |
| | Sam Stake |
| | |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, California 94111 |
| | (415) 875-6600 |
| | (415) 875-6700 (facsimile) |
| | |
| | Lance Yang |
| | 865 S. Figueroa St., 10th Floor |
| | Los Angeles, California 90017 |
| | (213) 443 3000 |
| | (213) 443 3100 (facsimile) |
| | |
| | *Attorneys for Keyssa, Inc.* |
| DATED: February 22, 2018 | Respectfully submitted, |
| | KEKER, VAN NEST & PETERS LLP |
| | By: /s/ *Robert A. Van Nest* |
| | ROBERT A. VAN NEST |
| | LEO L. LAM |
| | DANIEL E. PURCELL |
| | MATTHEW M. WERDEGAR |
| | MICHAEL S. KWUN |
| | RYAN K. WONG |
| | JESSELYN K. FRILEY |
| | |
| | Attorneys for Defendant ESSENTIAL PRODUCTS, INC. |

## ATTESTATION

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

By: /s/ Michael Bruns
     Michael Bruns (State Bar No. 305470)

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

HON. HAYWOOD S. GILLIAM
UNITED STATES DISTRICT JUDGE

**Appendix A:**
**Proposed Case Schedule**

| Event | Proposed Dates |
|---|---|
| Initial Disclosures | March 15, 2018 (two weeks after CMC) |
| Trade Secret Disclosure | April 18, 2018 |
| Last Date to Amend Pleadings | August 24, 2018 |
| Close of Fact Discovery | December 19, 2019 |
| Opening Expert Reports | January 21, 2019 |
| Rebuttal Expert Reports | February 19, 2019 |
| Close of Expert Discovery | March 8, 2019 |
| Dispositive Motions and *Daubert* Motions Due | March 27, 2019 |
| Opposition Briefs Due | April 17, 2019 |
| Reply Briefs Due | April 26, 2019 |
| Hearing on Dispositive Motions and *Daubert* Motions | May 2019 (at the Court's convenience) |
| Motions *in Limine* Due | 21 days before final Pretrial Conference (per Judge's Standing Order) |
| Joint Pretrial Statement and Order | 14 days before final Pretrial Conference (per Judge's Standing Order) |
| Motions *in Limine* Oppositions Due | 14 days before final Pretrial Conference (per Judge's Standing Order) |
| Jury Materials and Trial Briefs | 14 days before final Pretrial Conference (per Judge's Standing Order) |
| Final Pretrial Conference | July/August 2019 (at the Court's convenience) |
| Jury Selection and Trial Date | July/August 2019 (at the Court's convenience) |