UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYSSA, INC., <br>     Plaintiff, <br> v. <br> ESSENTIAL PRODUCTS, INC., <br>     Defendant. | Case No. 17-cv-05908-HSG <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 20 |

Pending before the Court is a motion to dismiss filed by Defendant Essential Products, Inc. ("Essential"). Dkt. No. 20. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court DENIES Defendant's motion to dismiss.

## I. BACKGROUND

Plaintiff Keyssa, Inc. ("Keyssa") filed this trade secret and breach of contract lawsuit against defendant Essential on October 16, 2017. Dkt. No. 1 ("Compl."). Keyssa alleges that in late 2015, Essential approached Keyssa regarding the development of a wireless accessory connector for a new smartphone called the Essential Phone. Compl. ¶ 16. The parties allegedly entered into a non-disclosure agreement ("NDA") on February 5, 2016, which obligated Essential not to "make use whatsoever at any time" of Keyssa's proprietary information without Keyssa's consent. *Id.* ¶¶ 16–18, Ex. A. Keyssa alleges that, covered by the NDA, Keyssa employees assisted Essential in developing "all facets of its wireless accessory connector." *Id.* ¶ 21. Keyssa alleges that this assistance involved conveying proprietary trade secret information to Essential. *Id.* ¶¶ 22–23.

In November 2016, Essential severed its relationship with Keyssa. *Id.* ¶ 30. Essential released the Essential Phone and Essential 360° Camera around September 2017. *Id.* ¶ 31.

Keyssa alleges that the Essential Phone and Essential 360° Camera incorporate Keyssa's proprietary technologies in violation of the parties NDA. *Id.* ¶ 32. Keyssa brings claims against Essential for: (1) violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et seq.; (2) violation of the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.; and (3) breach of contract. Compl. ¶¶ 39–67.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## III. DISCUSSION

Defendant contends that Plaintiff has not identified the alleged trade secrets with sufficient particularity, and that Plaintiff has not adequately alleged that Defendant misused any trade secret information. Dkt. No. 20 at 8–13. The Court addresses each argument in turn.

### i. Particularity of Trade Secret Allegations

The DTSA and the CUTSA define a trade secret as information that: (1) derives its

economic value from not being generally known, and (2) is subject to reasonable measures of secrecy by its owner. *See* 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d).

"A plaintiff seeking relief for misappropriation of trade secrets must identify the trade secrets and carry the burden of showing that they exist," and "describe the subject matter of the trade secret with *sufficient particularity* to separate it from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." *Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164–65 (9th Cir. 1998) (internal citations and quotation marks omitted).

Under the standards for both the DTSA and the CUTSA, Plaintiff sufficiently defines the trade secrets at issue in the complaint. The complaint describes the categories of trade secret information as:

> a) Circuitry and semiconductor architecture, including design files exchanged between the parties with iterative modifications by Keyssa engineers.
> b) Detailed antennae, transmitter, and receiver designs to minimize channel crosstalk and maximize signal integrity.
> c) System architecture to enable wireless EHF millimeter wave transmission of image data.
> d) Material compositions, engineering specifications, and component sourcing information for housings, absorbers, cases, coatings, and lenses.
> e) Methods for minimizing electromagnetic interference, radiofrequency interference, and electrostatic discharge.
> f) Heat dissipation and thermal management architecture, including distribution of thermal elements and heat sinks.
> g) Power negotiation and device detection schemes for management of accessory connection and disconnection, exposure to water, and bi-directional power flow.
> h) Methods for mechanical alignment of device and connected accessories, as well as for maximization of misalignment tolerance.
> i) Proprietary simulation methods for all components and sub-components of the wireless accessory connector.
> j) Proprietary test and validation methods for materials, components and subcomponents of the wireless accessory connector.

Compl. ¶ 22.

That language is sufficiently particular to place Defendant on notice of what information is at issue in this case at the pleading stage. Requiring Plaintiff to go into more detail risks compelling public disclosure of the same trade secrets Plaintiff seeks to protect. *See Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252 (Ct. App. 1968) ("One who seeks to protect his trade

secrets from wrongful use or disclosure does not have to spell out the details of the trade secret to avoid a demurrer to a complaint. To so require would mean that the complainant would have to destroy the very thing for which he sought protection by making public the secret itself."). Courts in this district have found trade secrets described at a similar level of specificity sufficient at the pleading stage. *See, e.g., Nextdoor.Com, Inc. v. Abhyanker*, No. C-12-5667 EMC, 2013 WL 3802526, at *5–6 (N.D. Cal. July 19, 2013).

### ii. Misappropriation and Breach of Contract

Defendant additionally contends that Plaintiff has failed to allege any facts in support of its claim that the technology used in the Essential Phone and Essential 360° Camera contains Keyssa's trade secrets. Dkt. No. 20 at 10–13. Defendant contends that this deficiency is fatal to both the trade secret claims and the breach of contract claim. *Id.* at 10–14.

Taking all pleadings in the light most favorable to Plaintiff, the complaint sufficiently alleges misappropriation of trade secrets by Defendant. The complaint alleges that, after accessing Keyssa's trade secrets under protection of the NDA, Defendant released the Essential Phone and Essential 360° Camera, which "incorporate vast amounts of Keyssa's proprietary technologies." Compl. ¶¶ 21–29, 32. Plaintiff alleges that Defendant attempted to implement Keyssa proprietary technology in the SiBEAM Snap chip in the Essential Phone and Essential 360° Camera without Keyssa's permission. *Id.* ¶¶ 31–32. The complaint goes on to identify various marketing materials for the products that highlight the allegedly-misappropriated technology. *Id.* ¶¶ 34–38. This is sufficient to allege misappropriation. *See PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1383, 93 Cal. Rptr. 2d 663, 673 (2000), *as modified on denial of reh'g* (Apr. 7, 2000) (noting that marketing goods that embody the trade secret constitutes use of that trade secret). The plausible allegations of trade secret misuse also raise a reasonable inference that Defendant breached the NDA. *Cf.* Compl. Ex. A ¶ 3 ("[Essential] shall . . . not make any use whatsoever at any time of any Proprietary Information" without permission from Keyssa.).

### iii. Damages Pleading

Defendant further contends that Plaintiff has not plausibly alleged how it was damaged by the alleged breach of the NDA. Dkt. No. 20 at 14–15. "Under California law, a breach of contract

4

claim requires a showing of appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000).

Plaintiff has made such a showing here, alleging that Defendant has "manufacture[d], offer[ed] for sale, and [sold] the Essential Phone and Essential 360° Camera" containing Plaintiff's proprietary technology, Compl. ¶ 61, and that Defendant has communicated Keyssa's proprietary information to third parties, *id.* ¶ 62. These claims give rise to a reasonable inference that Plaintiff was damaged by Defendant's breach sufficient to sustain Plaintiff's claim at the pleading stage.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss. The Court **SETS** a case management conference on January 22, 2019 at 2:00 p.m. The parties are directed to file a joint case management statement on or before January 18, 2019, including a proposed case schedule.

**IT IS SO ORDERED.**

Dated: 1/11/2019

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge