| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Charles K. Verhoeven (Bar No. 170151)<br>  charlesverhoeven@quinnemanuel.com<br>David Eiseman (Bar No. 114758)<br>  davideiseman@quinnemanuel.com<br>Sam Stake (Bar No. 257916)<br>  samstake@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone:    (415) 875-6600<br>Facsimile:    (415) 875-6700<br><br>Lance Yang (Bar No. 260705)<br>  lanceyang@quinnemanuel.com<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Telephone:    (213) 443 3000<br>Facsimile:    (213) 443 3100<br><br>*Attorneys for Plaintiff Keyssa, Inc.* | KEKER, VAN NEST & PETERS LLP<br>Robert A. Van Nest (Bar No. 84065)<br>  rvannest@keker.com<br>Leo L. Lam (Bar No. 181861)<br>  llam@keker.com<br>Daniel Purcell (Bar No. 191424)<br>  dpurcell@keker.com<br>Matthew M. Werdegar (Bar No. 200470)<br>  mwerdegar@keker.com<br>Ryan K. Wong (Bar No. 267189)<br>  rwong@keker.com<br>Christina Lee (Bar No. 314339)<br>  clee@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    (415) 391-5400<br>Facsimile:    (415) 397-7188<br><br>*Attorneys for Defendant<br>Essential Products, Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| KEYSSA, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>ESSENTIAL PRODUCTS, INC.,<br><br>        Defendant. | CASE NO. 4:17-cv-05908-HSG<br><br>**JOINT STIPULATION AND ORDER REGARDING KEYSSA, INC.'S SERVICE OF TRADE SECRET DISCLOSURES AFTER ENTRY OF A PROTECTIVE ORDER**<br><br>**Jury Trial Demanded** |

Pursuant to Civil Local Rules 6-2, Plaintiff Keyssa, Inc. ("Keyssa") and Defendant Essential Products, Inc. ("Essential") (collectively, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

**WHEREAS**, pursuant to the Court's February 5, 2019 Amended Scheduling Order (Dkt. No. 46), Keyssa is required to serve its Trade Secret Disclosures no later than March 8, 2019;

**WHEREAS** the parties have yet to reach final agreement on the scope of a proposed Protective Order in this matter, and therefore no Protective Order has yet been entered by this Court;

**WHEREAS** the parties expect to file a stipulated, proposed Protective Order on March 6, 2019;

1     **WHEREAS** good cause exists for Keyssa to refrain from serving its Trade Secret Disclosures
2 until after the entry of a Protective Order because, by necessity, Keyssa's Trade Secret Disclosures
3 will contain Keyssa's confidential, trade secret information, Keyssa would be harmed by unrestricted
4 disclosure of its confidential trade secret information, and such an Order shall govern the process for
5 serving and handling confidential information in this case;

6     **WHEREAS** this Stipulation is accompanied by the concurrently-filed Declaration of Sam
7 Stake in Support of the Joint Stipulation and [Proposed] Order Regarding Keyssa, Inc.'s Service of
8 Trade Secret Disclosures After Entry of a Protective Order;

9     **NOW, THEREFORE, THE PARTIES HEREBY AGREE AND STIPULATE THAT** the
10 March 8, 2019 deadline for Keyssa to serve its Trade Secret Disclosures pursuant to California Code
11 Civ. Proc. § 2019.210 be vacated. Keyssa shall not serve its Trade Secret Disclosures upon Essential
12 until such time that the Court enters a Protective Order governing the service and handling of
13 confidential information in this matter. Keyssa shall serve its Trade Secret Disclosures upon Essential
14 immediately upon entry of such a Protective Order, and in no event later than within one (1) day
15 following the entry of such an order.

16     **IT IS SO STIPULATED.**

18     *\* \* \* Signatures on following page. \* \* \**

| | | |
|---|---|---|
| 1 | Dated: March 6, 2019 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

3

4                                        By: */s/ Daid Eiseman*
                                           David Eiseman
5                                            Charlie K. Verhoeven
                                           Sam Stake

6                                         QUINN EMANUEL URQUHART & SULLIVAN, LLP
7                                         50 California Street, 22nd Floor
                                        San Francisco, California 94111
8                                         (415) 875-6600
                                        (415) 875-6700 (facsimile)

9

10                                        Lance Yang
                                       865 S. Figueroa St., 10th Floor
11                                        Los Angeles, California 90017
                                       (213) 443 3000
12                                        (213) 443 3100 (facsimile)

13                                        *Attorneys for Plaintiff Keyssa, Inc.*

14 Dated: March 6, 2019             Respectfully submitted,

15                                        KEKER, VAN NEST & PETERS LLP

16

17                                        By: */s/ Ryan K. Wong*
                                         Robert A. Van Nest
18                                          Leo L. Lam
                                         Daniel Purcell
19                                          Matthew M. Werdegar
                                         Ryan K. Wong
20                                          Christina Lee

21                                        KEKER, VAN NEST & PETERS LLP
22                                        633 Battery Street
                                       San Francisco, CA 94111-1809
23                                        Telephone:   (415) 391-5400
                                       Facsimile:    (415) 397-7188

24                                        *Attorneys for Defendant Essential Products, Inc.*

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 6, 2019

*/s/ David Eiseman*
David Eiseman

**PURSUANT TO STIPULATION, IT IS HEREBY ORDERED** the March 8, 2019 deadline for Keyssa to serve its Trade Secrets Disclosures pursuant to California Code Civ. Proc. § 2019.210 is hereby vacated. Keyssa shall not serve its Trade Secret Disclosures upon Essential until such time that the Court enters a Protective Order governing the service and handling of confidential information in this matter. Keyssa shall serve its Trade Secret Disclosures upon Essential immediately upon entry of such a Protective Order, and in no event later than within one (1) day following the entry of such an order.

Dated: March 7, 2019

HAYWOOD S. GILLIAM, JR.
United States District Judge